## ALFRED N. GOLDSMITH, ET AL.
*vs.*
## NORWALK ENGINEERING CORP., ET AL.

Superior Court      Fairfield County      File No. 51695

MEMORANDUM FILED DECEMBER 28, 1939.

*Sidney Vogel,* of South Norwalk, for the Plaintiffs.

*Frank P. Barrett* and *Thomas J. Ryle,* of Stamford, for the Defendants.

O'SULLIVAN, J. This litigation emanates from an agreement devised to promote the manufacture of radio coils. The plaintiffs are Alfred N. Goldsmith, a distinguished consulting engineer in radio, television and motion pictures, and Robert I. Rheinstrom, an industrial engineer whose activities embrace the rehabilitation and financing of corporate enterprises. The defendants are the Norwalk Engineering Corporation, the child of the promotion, Kenneth W. Jarvis, whose role was to be assumed in the production of the radio coils, and Edwin A. Gelein, whose efforts were directed in the main toward raising sufficient funds to carry out the program of the parties.

It was during October, 1935, that Rheinstrom and Gelein first became acquainted. It seems that the latter wished to purchase an interest for himself in a manufacturing concern and for this reason had come to seek the services and advice of the former, to whom he had been directed. At this time Rheinstrom had nothing of a helpful suggestion to offer but it was only natural that he should recall Gelein to mind when, by coincidence, he received a visit from Jarvis a few days later. Jarvis presented himself with a letter of introduction from Goldsmith, a mutual friend of each. The purpose of his visit was to discuss the possibility of a connection in a business venture engaged or to engage in the manufacture of radio coils, a product with the fabrication of which he was thoroughly familiar.

Having a client with financial resources and another with practical experience, Rheinstrom saw the obvious possibilities and arranged to have the parties meet. It is needless to detail the events which then ensued save perhaps to observe that many conversations were had, in which, at one time or another, all the parties participated. At these conferences, the customary, preliminary negotiations were carried out, opinions were exchanged, and the basis of an understanding among all was laid. It is important, however, to dwell for a moment upon the result of a meeting held in New York City on January 8, 1936, for from it arose the agreement between the four gentlemen and it is this agreement which forms an important part of this case. It was there decided that a corporation should be created under the laws of the State of Delaware for the purpose of entering upon the manufacture of radio coils. The financial structure contemplated authority to issue 900 shares of preferred stock and 3,600 shares of common. The former was to have a par value of $100 a share; the latter, to have no par value. Gelein and certain friends of his were to put up the money and for this, they were to receive preferred stock and, in addition thereto, seventy-five per cent of the common stock, while the other twenty-five per cent was to be issued to Jarvis for himself and for Goldsmith and Rheinstrom. These last three had previously agreed to an appropriate division of the shares of common stock upon which they were relying as compensation for their efforts in promoting the concern. Of the twenty-five per cent, Jarvis was to retain ten, while each of the others was to be entitled to seven and one-half. It was further understood by all that the corporation could call upon both Goldsmith and Rheinstrom

for any advice for which their peculiar talents might be desirable.

So, the corporation was created with an authorized financial structure as above indicated. Gelein and his friends originally paid into the corporation $51,000 and, from time to time thereafter, an additional $36,000. For this they received shares of preferred stock and the agreed proportion of common stock, while to Jarvis was issued his share of such stock. However, Jarvis has never tendered to Goldsmith or Rheinstrom the shares of common stock which he had agreed to.

The corporation began its operations and got into production but the venture was highly unsuccessful and finally a petition was filed to adjudge the company bankrupt. Before this action was taken, the plaintiffs had instituted the present suit. An attachment of corporate assets made therein was later released upon the furnishing of a bond. Other facts established during the trial need not be recited because the foregoing portrays an ample picture of the sequence of events and furnishes sufficient data to solve the problem which the case presents.

The plaintiffs seek damages from all of the defendants and also certain equitable relief as to the delivery to them of certificates for the amount of common stock of which they claim to be owners.

The only person, it seems to me, who has breached his agreement is Jarvis. He had promised to apportion with his colleagues, Goldsmith and Rheinstrom, the shares of common stock which, under the general agreement of all, had been issued to him. Having failed to do so, the law requires him to respond in damages to compensate those whose rights under the contract have been affected by his breach. Unfortunately for these plaintiffs, the shares of stock to which they were entitled were without any value, even though they were carried on the books at $1 each. As damages must be compensatory for the loss experienced, and as there was no loss, they are entitled only to nominal damages for the breach itself.

Counsel seeks to avoid this result by urging that the facts warrant the application of the rules of *quantum meruit*. There are, of course, instances where one may recover on the theory of an implied agreement even though the complaint may allege an express one. Instances may be found in those actions brought on an oral promise to devise realty. Though the statute of

frauds precludes recovery on the express agreement, relief may be afforded on *quantum meruit*. *Grant vs. Grant,* 63 Conn. 530; *Hull vs. Thoms,* 82 id. 647. Nor are these the only type of such instances.

But however extensive may be the field wherein recovery on *quantum meruit* is permissible, the present case does not fall within it. All the parties knew that the common stock to be issued was without present value. Nonetheless each was not only willing but anxious to obtain an interest in a company whose potentialities appeared, at the time, extremely attractive. For the efforts each expended in the preliminary negotiations, each agreed to accept something whose value would arise only in the event that the venture proved successful. Under these circumstances, it would be unjust to Jarvis to require him to respond in *quantum meruit* for the services of these plaintiffs.

Accordingly, judgment may enter for the plaintiffs to recover $5 from the defendant, Jarvis, and in favor of the other defendants.